# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Joy Lombardo | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | |
| | ) | |
| Receivables Management Partners, LLC | ) | |
| 2250 East Devon Road | ) | |
| Suite 245 | ) | |
| Des Plaines, IL 60016 | ) | July Demand Requested |
| | ) | |
| Defendant | ) | |

## COMPLAINT

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

1. Plaintiff, Joy Lombardo, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Receivables Management Partners, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692e

3. The FDCPA prohibits a debt collector to contact a debtor when the debt collector has knowledge and can readily ascertain that the debtor has legal counsel regarding this matter. 15 U.S.C. Section 1692c

### JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

6. Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

7. Plaintiff is a resident of the State of Illinois.

8. Defendant ("Receivables Management Partners, LLC "), is an Florida business entity with an address of 2250 East Devon Road, Suite 245, Des Plaines, IL 60016 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

9. Unless otherwise stated herein, the term "Defendant" shall refer to Receivables Management Partners, LLC.

10. Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

**11.** At all relevant times, Defendant owned the Debt or was retained to collect the Debt.

**12.** Specifically, Defendant was the servicer of Plaintiff's Mortgage and Defendant acquired this mortgage when Plaintiff was in default of his mortgage obligations with the original mortgage lendor.

13. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. Section 1692(a)(5)

## **FACTS APPLICABLE TO ALL COUNTS**

14. Plaintiff filed for Chapter 7 Bankruptcy on September 19, 2018.
15. On September 21, 2018, Defendant received actual notice of Plaintiff's

        Bankruptcy filing.  See Exhibit A.

16. In addition, in that same notice, Defendant received actual notice that Plaintiff had an Attorney for this matter.  See Exhibit A.

17. However, in spite of this actual notice, Defendant has sought to to collect on this debt directly from the Plaintiff despite Plaintiff's Automatic Stay under 11 U.S.C. 362.  See Exhibit A.

18. On or about October 19, 2018, Defendant mailed Plaintiff a letter in connection with the collection of a debt despite the actual knowledge as described in paragraph 15-16 of this Complaint.  See Exhibit B.

19. Debtor received said notice on or about October 24, 2018.  See Exhibit B.

**FAIR DEBT COLLECTION PRACTICE ACT VIOLATIONS**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

21. Defendant violated 15 U.S.C. Section 1692c by contacting the Plaintiff, even though it actually knew that Plaintiff was retained by an Attorney.

22. Defendant violated 15 U.S.C. Section 1692e by collecting on a debt that it had no legal right to collect on due to the Automatic Stay under 11 U.S.C. Section 362.

**PRAYER FOR RELIEF**

22, Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:
        (1) Statutory damages;

        (2) Attorney fees, litigation expenses and costs of suit; and

        (3) Such other and further relief as the Court deems proper.

**JURY DEMAND**

(1) Plaintiff demands a trial by jury.

        Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff